ANCUS M. HOFFAR AND WIFE *vs.* JULIANA E. DEMENT, *Ad'x of* GEORGE DEMENT.—*December*, 1847.

*J.* died seized of a tract of land, leaving four children his heirs-at-law. *N.* without authority, sold the land to *D.*, who entered upon it, and used it. The same land was afterwards sold under decree, by *N.* to *D.* In an action for use and occupation by one of the heirs of *J.*, to recover her portion of the rent between the period of the two sales, it appeared that *D.* had admitted his obligation to pay rent or interest on the purchase money, and promised to execute his note for the separate interest of the plaintiff on such rent. Held, that as *D.* entered under the contract of purchase, and not under any agreement or demise with the heirs of *J.*, jointly or severally, to pay rent, this action could not be maintained.

In the action for use and occupation, the relation of landlord and tenant must be established between the plaintiff and defendant.

In this State, the children of parents who die intestate, seized in fee of lands, tenements, or hereditaments, take as coparceners, and are so treated by the act of 1820, ch. 191, sec. 5.

Whatever be the number of coparceners, they all constitute but one heir; are connected together by unity of interest, and unity of title.

Coparceners cannot separately maintain an action for money had and received against a person who had received the rent of their land as trustee, nor recover in separate actions, upon an implied demise, upon a count for use and occupation.

Where an action is brought by one of several, with whom a contract has been made, the defendant may take advantage of it upon evidence at the trial, upon the plea of *non assumpsit*.

Admissions in a conversation, made by a defendant to a witness, who was *not* the agent of the plaintiff, nor had any authority to make a demand, and to account, that he, the defendant, was liable to pay the plaintiff for the rent of property, and intended to give his note for it, is no evidence to support a count of *insimul computassent*.

APPEAL from *Charles* County Court.

This was an action of *assumpsit*, commenced on the 3rd March, 1845, by the appellants against the appellee. The defendant pleaded *non assumpsit* and limitations. The jury found a verdict for the defendant.

At the trial of this cause, the plaintiffs, to support the issues on their part joined, gave in evidence, that *Joseph N. Stonestreet* died several years ago, leaving four children, of whom *Ellen Hoffar* was one; that he left at his death, which

happened about 1825, a tract of land in *Charles* county, the title to which descended to said children; that about 1831, the testator of defendant entered into possession of said lands, and occupied the same until his death, in September, 1843. And that said lands would rent for $300 per annum. The plaintiffs then further proved, by *Walter Mitchell*, that being employed as attorney for the plaintiffs, and of *Catharine Stonestreet*, another child of *Jos. N. Stonestreet*, he saw defendant's testator in August, 1843, as he believes, and demanded of him, for the occupation of said lands, the said rent, to be charged from the date of an illegal sale by *Nicholas Stonestreet*, to the date of a public and authorized sale in 1836, at which said *George Dement* had purchased under a decree of sale duly passed. That said *Mitchell* then told said *George Dement* that he must settle this claim or be sued. *Dement* said that he was bound for the rent of the land, between the period of the first or illegal sale by *Col. N. Stonestreet*, and the sale under the decree of the court of equity; that it was not necessary to sue him. He only wished to see *N. Stonestreet*, to see what was done with his *Mechanics Bank of Alexandria* paper, placed in the hands of *Col. Stonestreet*, to see how the dividend had been applied. It was a hard case. And as soon as he did so, he would pay either the amount of rent, or the interest of the purchase money, as rent. It was not a matter of much moment, as the difference was not very great; no precise amount to be paid was agreed upon. He never denied his liability to pay rent, as he said he knew the first sale was made without authority, that he thought he ought not to pay for rent more than the interest on the purchase money; as when he purchased the land, he supposed *Col. Stonestreet* had authority to sell. Witness had a statement showing the annual rent and annual interest, which *Dement* did not dissent from. The amounts, &c., witness does not recollect. The rent demanded, and which he agreed to pay, was three years. The plaintiffs also proved, that before this suit was brought, and since the accruing of the rents as aforesaid, the said *Ellen M.* had intermarried with the said *Ancus M. Hoffar;* and that at the bringing of this suit, *E. N. Stonestreet*, one of

the children of said *Noble Stonestreet*, was an infant. The plaintiffs further proved, by *W. B. Stone* that before the institution of this suit, he, as the attorney of *Dr. Francis Neale*, guardian of said *Noble Stonestreet*, then an infant, demanded of the said defendant's testator the amount claimed as coming from him to the said infant. That the said testator then agreed to pay his ward's separate part, being one-third, to said guardian, of the amount of interest upon the purchase money of land, which testator alleged he had contracted to buy of *Col. Stonestreet*, belonging to the heirs of *Jos. N. Stonestreet*; and which the testator had occupied two or three years, under said contract, prior to a former legal sale, by order of the equity court, the precise amount of this interest and number of years for which it was due, was, at the time of this conversation, spoken of, and agreed upon—the amount and time not now certainly recollected by the witness; but according to his recollection, was $240 to $250 per year for three years. The witness then asked for the separate note of the testator for said ward's shares of this amount; and for the purpose of inducing said testator to settle the same. That witness stated, that if he would give his note therefor, payable to said guardian, that the said guardian would assign said note to the administrator of said *Nicholas Stonestreet*, so that the said testator could settle any claims that he had against said *Nicholas* in his life-time. That in stating this inducement, the witness had plenary powers from said guardian. That said testator acknowledged his liability, and promised to execute the note as above stated, and for the said purpose, but never did. That the amount of said note was to be for the separate interest of said infant. And the said testator agreed to settle with the other heirs separately; but he claimed in said conversation to be only responsible for the interest on the purchase money for said land, which he averred had been sold to him by said *Nicholas Stonestreet*, at a private sale; and which interest was agreed between said testator and witness to be only for the time between said private sale, and the public sale in 1836, as aforesaid. That the note was to be executed at the next visit of said testator to

*Port Tobacco,* but he died shortly after; and that if the said note had been given, the said *Stone* would consider that it ought, by the agreement made, to have been assigned to the administrator of said *Nicholas Stonestreet* as proposed by him. Upon the whole evidence, the defendant prayed the court to instruct the jury, as follows:

That the plaintiffs are not entitled to recover under the first count in the declaration, (which was for use and occupation on a *quantum meruit,*) because there is no evidence to show that the defendant's testator had occupied the land mentioned, by permission of the said plaintiffs, or either of them; and because the promises stated in said count, are variant from the promise stated in the evidence; and because the evidence shows no right in the plaintiffs to maintain a separate suit in their own names, without joining the other children of said *J. Noble Stonestreet.* That the plaintiffs are not entitled to recover under their second count, (an *insimul computassent,*) because there is no evidence to show the ascertainment of any precise amount of indebtedness on the part of defendant's testator to plaintiffs; and because the evidence shows no right of action in the plaintiffs, separate from the other children of *J. Noble Stonestreet.*

And that the plaintiffs are not entitled to recover under the third count, (money had and received,) because there is no evidence of defendant's testator having received any money to the separate use of the plaintiffs. And the court (MAGRUDER, C. J., and C. DORSEY, A. J.,) being of the opinion, that if a recovery could be had at all upon the testimony in this suit, the several heirs of *J. N. Stonestreet* should be united as plaintiffs. And furthermore, that there was no proof in the case from which the relation of landlord and tenant, between the plaintiffs alone and defendant, can be inferred. And that there is no proof to enable the plaintiffs to recover upon the other counts in the declaration, gave the instruction as prayed. The plaintiffs excepted.

The plaintiffs prosecuted this appeal.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE and MARTIN, J.

By J. M. S. CAUSIN for the appellants, and

By T. F. BOWIE for the appellee.

SPENCE, J., delivered the opinion of this court.

This is an action of *assumpsit.* The declaration contains three counts. The first, for use and occupation; the second, on an account stated; and the third, for money had and received. The defendant pleaded *non assumpsit* and limitations.

*Ellen M. Hoffar,* the wife of *Ancus M. Hoffar,* the plaintiffs in this action, was one of the four children of *Joseph N. Stonestreet,* who died intestate, seized of the real estate, to recover for the use and occupation of which, by the defendant's testator in his life-time, this action was instituted. The county court decided, that the plaintiffs could not recover on the first count in the declaration, because all of the heirs of *Joseph N. Stonestreet* should have been made plaintiffs; and because there was no evidence from which the relation of landlord and tenant could be inferred between the plaintiffs, and the defendant's testator; and that there was no evidence in the cause which entitled them to recover under the second and third counts.

There is no evidence in the record of any express agreement or demise between these plaintiffs, and the defendant's testator, for the use and occupation of the lands mentioned in the declaration; but the proof is, that the defendant's testator entered upon the premises under a contract of purchase from *Nicholas Stonestreet.*

The first question to be disposed of, is, whether the county court erred in deciding that the plaintiffs could not recover upon the first count in the declaration? We think they did not. The defendant's testator entered upon the land under a purchase from *Nicholas Stonestreet,* subsequent to the death of *Joseph Stonestreet;* there is no evidence of any express demise or agreement, to rent by the heirs of *Joseph Stonestreet,*

jointly or severally; in fact the evidence is conclusive that there was none. The plaintiffs, to maintain this action, then must rely upon an implied demise or agreement, to establish the relation of landlord and tenant between *George Dement,* the defendant's testator, and the children of *J. N. Stonestreet.*

*Tindal, C. J.,* in the case of *Decharms vs. Horwood,* 10 *Bingham's R.,* 526, expresses his opinion in this unequivocal language: "The authorities all agree, that whatever be the number of coparceners, they all constitute but one heir—they are connected together by unity of interest, and unity of title." In Maryland, the children of parents who die intestate, seized in fee of lands, tenements, or hereditaments, take as coparceners, and are so treated by the act of 1820, ch. 191, sec. 5; and the conclusion is irresistible, that if they cannot separately maintain an action of assumpsit, for money had and received, against a person who had received the rent in the character of trustee, (as was decided in the case of *Decharms vs. Horwood,*) that they cannot recover in separate actions upon an implied demise or agreement to rent, upon a count for use and occupation.

It was insisted in the argument on the part of the appellant, that the non-joinder could be taken advantage of by plea in abatement or demurrer only, and not upon evidence at the trial. This position is not tenable upon authority. "As where an action is brought by one of several with whom a contract has been made, the defendant may take advantage of it upon evidence at the trial, upon a plea of non-assumpsit." 1 *Saund. R.,* 153, *note* 1. 1 *Chit. Pld.,* 7. 2 *Strange,* 820.

The county court decided that there was no evidence which entitled the plaintiffs to recover on the second count. The evidence given by *William B. Stone,* a witness on the trial, of admissions of the defendant's testator made to him, will not maintain the second count in the plaintiff's declaration, upon an account stated.

There is no evidence in the record to show that the witness, *Stone,* to whom the admissions relied on were made, was the agent of the plaintiffs, or had authority to make a demand, or

18    v.5

.to account with the defendant's testator, the conclusion is from .the evidence, that he was not authorised.

' An admission in conversation to a third person, not the .plaintiff's agent, is not sufficient to sustain a count upon an° *insimul computassent.  Greenleaf on Evidence*, 105.

. There is no proof which even tends to maintain the issue on .the third count.

JUDGMENT AFFIRMED.