# John Gilpin and others' Lessee, *vs.* Elizabeth Hollingsworth and others.

A testator devised "all the rest and residue" of his estate "to be divided amongst all" his "children in equal shares and portions, to them, their heirs and assigns forever," and died leaving several children surviving him. HELD:

That this will gave to the devisees a tenancy in common, and this estate, not . being the same in quality and quantity that they would have taken as heirs at law, they take by purchase under the will, and not by descent.

Where the same quantity and quality of estate is devised, that the devisee would have acquired by descent, the title passes by the worthier title, that is, by descent, and not by purchase.

Estates in joint-tenancy, coparcenary and in common, are different as legal estates, and their qualities and incidents are not the same; tenancies in common and joint-tenancies are recognized by the act of 1822, ch. 162, and estates in coparcenary by the Court of Appeals in the case of *Hoffar vs. Dement*, 5 *Gill*, 132.

In wills, the expressions "equally to be divided," "share and share alike," "respectively between and amongst them," will create a tenancy in common.

All expressions importing division by equal or unequal shares, or referring to the devisees as owners of respective or distinct interest, and even words simply denoting equality, will have the effect of creating a tenancy in common.

APPEAL from Cecil county court.

This was an action of *ejectment*, brought by the appellants to recover an undivided third part of a certain tract of land mentioned in the declaration. The case was submitted to the court below upon an agreed statement of facts, in substance, as follows:

Henry Hollingsworth, who was twice married, died in 1803, seized in fee in his own right, (and not in the right of either of his wives,) of the land in dispute, leaving a will containing the residuary clause quoted in the opinion of this court, and also leaving two children, Mary and William, by his first wife, and four, *viz:* Henry, Elizabeth, Hannah and Anne, by his second wife. In the year 1811, all said children made a voluntary and equal division, according to value, amongst themselves by mutual deeds, of the land devised to them by said residuary clause. By this partition the land in dispute was allotted and conveyed to Anne, who took possession thereof and died seized of the same in March 1850, intestate and without issue, leaving surviving her, as her sole heirs at law, her sisters, Mary of the half blood, and Elizabeth of the whole blood, and the children of Hannah who had died in 1844. William, the half brother of Anne and Hannah, died in 1817, without issue, and Henry, their brother of the whole blood, in 1840, also intestate and without issue. Mary, the half sister of Anne, died in November 1850, leaving the plaintiffs her sole children and heirs at law, who claimed a third part of the land of which Anne died seized, and brought this action to recover the same, against Elizabeth, the surviving sister of the whole blood, and the children of Hannah, the deceased sister of the whole blood of Anne.

Upon this statement of facts the court below, under the plea of *non cul*, gave judgment for the defendants, and the plaintiffs appealed.

Gilpin, *et al.*, *vs.* Hollingsworth, *et al.*

The cause was argued before LE GRAND, C. J., MASON and TUCK, J.

*Grafton L. Dulaney* for the appellants.

The only question in this case is, whether the children of Col. Hollingsworth took by purchase under the will or by descent? It is a well-established principle, that whenever, by a devise, a child would take the same estate as if the testator had died intestate, the will is inoperative and void, and he takes under the law, because that estate is the *worthier.* 1 *H. & J.*, 478. 7 *G. & J.*, 61, 237. 2 *Thos. Coke*, 216, *note.* Where there are more heirs than one they all constitute one heir—they take *as* coparceners. 5 *Gill*, 132. 9 *Gill*, 26. In Virginia they are not *as* coparceners but *actually* are coparceners by the express words of the statute. *Lomax Digest*, 488.

The only difficulty is, that as the testator left more *than one child*, and he gives to all equally and to their heirs, it is said the law does not operate, but they take under the will—this we deny. It would be a most unwarrantable construction to say that this rule of law is confined to the case of a parent dying leaving but one child.

In England the daughters only were coparceners. What the court means in 5 *Gill*, 132, is, that *co-heirs* are *assimilated* to coparceners, not that they actually are such. It is admitted that if there were but one child he would take at law and not under the will. Now *what principle* of distinction can there be? The children take by the will precisely the same estate that the law would cast upon them, and why should not the rule prevail in their case? The courts have never said that where there are more children than one, the estate they take under the act of descents is a *coparcenary* estate. There is no reason at this day why the ancient distinctions, which for feudal purposes were created between tenants in common and coparceners, should be observed—no reason can be assigned for it, and none in fact exists. Indeed it has

been held that a tenancy in common may be created by descent as well as by purchase.　4 *Kent's Com.*, 363.

*Otho Scott* for the appellees.

The common law recognises the three kinds of estate, joint-tenancy, tenancy in common, in coparcenary and in severalty, and these distinctions are recognised in this State.　There is no instance where there is more than one devisee, in which they can be regarded as in by the law and not by purchase under the will.　A will must either give a tenancy in common or a joint-tenancy.　If the words equally divided were stricken out from this will, it being made prior to the act of 1825, the estate devised would clearly have been a joint-tenancy.

At common law it was never heard of that a joint-tenancy or a tenancy in common could be created by *descent;* the very distinction is, that a coparcenary *only* is created by descent. The case in 5 *Gill*, 137, clearly recognises this estate of coparcenary, for if persons *hold as coparceners* their estate is an estate in coparcenary.　Our act of 1820, ch. 191, makes coheirs the same as coparceners at common law.　The will gives a tenancy in common which is a different estate from what the devisees would take by descent.　1 *Jarman on Wills*, 67. *Croke Elizabeth*, 431.　1 *Leonard*, 112, 315, *Bear's case.*　2 *Sidderfin*, 53, 78, *Packman vs. Cole.*　3 *Bac. Abr.* 115, *title Descent, letter (E.)*　2 *Hilliard on Real Property*, 529.　1 *Hilliard on Real Property*, 573.

*Dulaney* in reply.

It would be impossible that the rule, that where there was more than one child they should take under the law and not under the will, should apply in England, because there there is but *one heir*, the eldest son.　But it may well apply here where all the children take alike and are as but one heir. The whole question then is, is the same estate given them by the will as they would take by the law?　The case in *Leonard* is not a *precedent*.　There is no substantial difference between the estate as the law would give it and that given by

the will, and we therefore insist that the worthier title must prevail.

Tuck, J., delivered the opinion of this court.

The will of Henry Hollingsworth contained the following clause: "All the rest and residue of my estate, real, personal or mixed, whatsoever or wheresoever, I give, devise and bequeath, to be divided amongst all my children, in equal shares and portions, to them, their heirs' and assigns, forever." He left children of the whole and of the half blood. If his children took by descent, and not by purchase, the plaintiffs are entitled to recover, being of the half blood; if, on the contrary, the property passed by the will, the defendants, being of the whole blood, must succeed.

"Where the same *quantity* and *quality* of estate is devised, that the devisee would have acquired by descent, the title passes by the worthier title—by descent, and not by purchase." 7 *Gill and Johns.*, 70. *Hilliard on Real Prop.*, 528, 529. The only inquiry, then, would seem to be, whether these devisees took the same estate as if their father had died intestate? Estates in joint-tenancy, coparcenary, and in common, are different from each other. We need not mention the well recognised distinctions. It may be conceded, as contended in argument, that for most practical purposes in this country, there is no real difference between coparceners and tenants in common, yet they are different as legal estates, and their qualities and incidents are not the same. Tenancies in common and joint-tenancies, are recognised by the act of 1822, ch. 162; and estates in coparcenary by the Court of Appeals, in the case of *Hoffar vs. Dement*, 5 *Gill*, 132, where it is said: "In Maryland the children of parents who die intestate, seized in fee in lands, &c., take as coparceners, and are so treated by the act of 1820, ch. 191, sec. 5." The same principle applies to persons inheriting in virtue of the act of 1786, ch. 45. They all constitute but one heir. Suppose, instead of the words employed in this clause, the will had devised this residue to the children, *as tenants in common,*

can it be doubted that they would have taken as devisees, and not as heirs at law? 3 *Anstr.*, 727. These words are not used, but terms of the same import are. In wills the expressions, "equally to be divided," "share and share alike," "respectively between and amongst them," have been held to create a tenancy in common. 2 *Bl. Com.*, *ch.* 12, *note by Chitty*, and in 2 *Powell on Devises*, *ch.* 18, *pages* 370, 371, it is said: "It may be stated generally that all expressions importing division by equal or unequal shares, or referring to the devisees as owners of respective or distinct interests, and even words simply denoting equality, will have this effect." He also states several examples and references. We are referred to 4 *Kent Com.*, 367, as an authority to show that in this country, where primogeniture does not exist, the technical distinction between coparcenary and estates in common, may be considered as essentially extinguished. This, however, is not the law in this State, for, as we have seen, these estates have been recognised by the legislature and by the Court of Appeals.

But the question has been expressly decided in England. At common law it could not arise, except where the ancestor died without male heirs, or where lands descended to all the sons according to the custom. Where a testator seized of lands in fee, being of the nature of gavel-kind, devised them to his heirs by the custom, and to their heirs, *equally to be divided amongst them*, the question was, whether they should be in by descent or devise? *Anderson, J.*, held, that without the words, "equally to be divided amongst them," they would be joint-tenants, and that with these words they were tenants in common, but, in either case, that they took as heirs, and the other justices concurred. *Bear's case*, 1 *Leon.*, 112, 315: This case is quoted as authority in 1 *Powel*, 428, and 1 *Jarman on Wills*, 68. See also *Packman vs. Cole*, 2 *Sid.*, 53, 78, to the same effect. And so in *Cro. Eliz.*, 431, a man having two daughters, being his heirs, devised his land to them and their heirs. "The question was, whether they took as joint-tenants by the devise, or as coparceners by descent?"

And all the justices held clearly, that they took as joint-tenants. If, therefore, the will creates a joint-tenancy, or a tenancy in common, the property does not pass to the devisees as heirs at law, but as purchasers under the will.

It is contended, that the distinction is merely technical, and does not affect the enjoyment of the estate, whether held in coparcenary or in common, as in Maryland there is very little, if any, difference between these titles, and we are told, that this distinction should not avail against the rule on which the appellants rely to convert this devise into an inheritance. This argument may be applied the other way with as much force. When a will is made the presumption is, that the testator intended that the estate should pass by devise and not by descent. This design, however, is sometimes frustrated by rules of law, which is sought to be done in the present case, by one for which there are not the same reasons under our laws as in England. 1 *Powel*, 421. This rule is as technical as the other. However, it exists, and we have no disposition to disregard it, but we think it does not apply in the present case, as the will does not pass the same estate in quality and quantity that the devisees would have taken as heirs at law.

*Judgment affirmed.*