# John T. R. Joynes and Sarah Joynes, *vs.* Michael K. Wartman.

The account of the landlord, annexed to a distress warrant, did not state *against whom* it was made out. HELD, that this was not a compliance with the act of 1834, ch. 192, sec. 3, and the plaintiff in an action of replevin for property sold under the distress may show that this act has not been complied with and thus defeat the defence of the avowant.

APPEAL from the Court of Common Pleas for Baltimore city.

*Replevin* by the appellants against the appellee for a negro girl. The defendant's avowry is stated in the opinion of this court. Issues were joined upon the pleas of:—1st, *non tenuerunt;* 2nd, no rent in arrear; 3rd, eviction; and 4th, insolvency. The last plea was abandoned in argument.

*Exception.* The testimony is sufficiently stated in the opinion of this court. The plaintiffs then offered fourteen prayers, of which only those having reference to [the validity of the proceedings under the act of 1834, ch. 192, need be stated, and which are as follows:

1st. That to entitle the avowant to recover, he must show that the bailiff who made the distress was authorised and empowered to make it by the landlord, and that such power and authority must be in writing and offered in evidence, or proved in some manner.

2nd. That the account filed by the landlord in this case is not in accordance with the requirements of the act of 1834, ch. 192, sec. 3.

To the refusal of the court, (MARSHALL, J.,) to grant these prayers the plaintiffs excepted, and the verdict and judgment being against them they appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*B. T. B. Worthington* for the appellants.

The act of 1834, ch. 192, applies to every case where a distress is authorised to be made, and it prescribes certain forms of proceeding which must be complied with. The third section provides, that "to *all* and *every* warrant" to distrain "there *shall* be prefixed or annexed the account of such *landlord*, stating in dollars and cents the amount of rent claimed," &c.; and the fifth section declares, "*every distress*" made "contrary to the provisions of this act" and "*every sale*" thereunder shall be "*absolutely illegal and void.*" In this case no such account was filed. There is to be sure an account annexed to the warrant, but it does not appear *against whom* it is made out. The names of the tenants are not in it, and it is, therefore, no compliance with the act of Assembly. This act embraces *every case* of distress, as well those made off the premises, under the act of 1826, ch. 266, as others.

No counsel appeared for the appellee.

LE GRAND, C. J., delivered the opinion of this court.

This is an action of replevin. In the court below the appellee avowed the taking of the property replevied by the appellants, as a distress for three months' rent, due on the 9th of February 1851, under an alleged demise to them and

Pomeroy & Co., of "The Sulphur Springs and furniture," in Baltimore county, for $600, in quarterly payments, the rent to commence the 9th of May 1850, &c.; and averred, that within thirty days after the said rent had become due, the plaintiffs had fraudulently and clandestinely removed the same with intent, &c., and the defendant had pursued and taken it as a distress.

It appears from the testimony that an account was made out and sworn to by the appellee, but the account does not state against whom it is—it is blank, "Dr., to Michael K. Wartman." The warrant to distrain was given to William Thomas, constable, who returned it *nulla bona*. Subsequently the appellee went before a justice of the peace, in the city of Baltimore, and made oath that the property had been removed from the demised premises, and under the warrant of the justice a certain D. H. White was appointed to assist the bailiff of the appellee to take and seize the property alleged to have been clandestinely removed. It was under this process the property replevied was taken.

At the trial the appellants offered fourteen prayers, some of which were granted and some of them rejected. The appellee asked and obtained the instruction of the court to the effect, that if the jury found the facts set forth in it the appellants were not entitled to recover.

In the view we have of the case it is not necessary we should express an opinion in regard to each of these propositions. The record discloses a state of facts which, under no circumstances, would enable the avowant to defend his distress. The act of 1834, ch. 192, sec. 3, provides, "that to *all* and *every* warrant or warrants authorizing any bailiff to levy a distress for rent claimed to be due to any landlord or landlords authorized by law to make a distress, there shall be prefixed or annexed the account of such landlord or landlords, stating," &c.; and the fifth section of the same act provides, "that any and *every* distress which shall be made, after the date when this act is to take effect, contrary to the provisions of this act, and all and every sale or sales which shall take place under and by virtue of such distress shall be held to be absolutely

*illegal* and *void*, any law, custom or usage to the contrary notwithstanding."

Now in the case before us there was no compliance with this statute.   It is not denied that at common law it would be very difficult, if not impossible, in an action of replevin to show an irregularity in the distress; the aggrieved party being most generally driven to his action of trespass.   It is not unreasonable to presume, that among the reasons which induced the passage of the act of 1834, was the desire to avoid this hardship and prevent circuity of action.   It is similar to the act of New York of 1838, ch. 153.   That statute has frequently undergone judicial interpretation.   It provides, that previous to a distress for rent in the city of New York, the landlord must file an affidavit with the clerk of the city and county that the rent distrained for is due; and it has been held, the avowry must aver that this was done or it will be bad on demurrer. *Burr vs. Van Buskirk*, 3 *Cowen*, 263.   Without going thus far, we are fully warranted in saying, that the plaintiff in an action of replevin can show the act of 1834 has not been complied with, and thus render unavailing the defence of the avowant.   The sufficiency of the affidavit is constantly inquired into in actions of replevin in New York, and we think the privilege exists under our act.   17 *Wendell*, 417; 2 *Hill*, 648, and 20 *Wendell*, 450.

> *Judgment reversed and procedendo refused.*

Eccleston, J., dissented.