. Donnelly *vs.* Turner.

(Decided 29th March, 1883.)

DANIEL DONNELLY *vs.* SARAH E. TURNER.

*Taking by Purchase and not by Descent—Art. 47, secs. 19, 20, 21, of the Code.*

Where a testator devises all his property to his wife for life or widowhood, and directs that upon her death or marriage, the same be equally divided between his two children, their heirs and assigns forever, the children take the property by purchase and not by descent.

A testator devised all his property to his wife during her life or widowhood, and directed that upon her death or marriage the same should be equally divided between his children, their heirs and assigns forever. The deceased left surviving him, his wife and two children. The children died unmarried, intestate, and without issue, and without either brothers or sisters of the half blood. After their death, their mother who remained a widow, died leaving a will by which she devised all her property to A. in fee. HELD:

That the estate of the children in the land devised to them by their father, descended to their mother, (Art. 47, secs. 19, 20, 21, of the Code,) and that under her will A. acquired a perfectly valid title to the said land.

APPEAL from the Circuit Court of Baltimore City.

George Bailey, who died in 1863, by his last will and testament, disposed of his property in the following manner: "I give, devise and bequeath all my property, real, personal and mixed, to my wife Margaretta S. Bailey, for and during her life, if she shall so long remain my widow and unmarried, but not otherwise; and in the event of the death or marriage of my said wife, whichever shall first happen, the property hereby bequeathed to her shall be equally divided between my children, George William Bailey and Eliza D. Bailey, their heirs and assigns forever." The testator left surviving him his aforesaid wife and children, and left no other children or descendants surviving him. George W. Bailey and Eliza D. Bailey both died intestate, unmarried, and without issue, and without having made any disposition of their respective interests in said land. Eliza D. Bailey died on the 9th of July, 1864, and George W. Bailey died on the 20th of May, 1869. Neither of them ever had any brother or sister of the half blood. Margaretta S. Bailey remained a widow, and died on the 22nd of August, 1874, without having in her life-time made any disposition of her interest in certain real estate lying in Baltimore County devised to her by her husband. By her will, which was duly admitted to probate in the Orphans' Court of Baltimore County, she devised and bequeathed all of her estate, after payment of her debts and funeral expenses, and certain legacies, to Sarah E. Turner, absolutely and in fee. The debts, and funeral expenses, together with the legacies, were fully satisfied and paid out of the personal estate of the testatrix. On the 8th of April, 1882, Sarah E. Turner entered into an agreement in writing, under seal, with Daniel Donnelly of Baltimore City, to convey to him in fee simple, for a valuable consideration, certain real estate lying in Baltimore County, which had been devised to her by Margaretta S. Bailey. On the refusal of Donnelly to comply with his part of said

Donnelly *vs.* Turner.

agreement, the said Sarah E. Turner, on the 18th of May, 1882, filed her bill for a specific performance of said contract of sale, alleging her willingness to comply with and perform her part of the same with said Donnelly. This application was resisted by the defendant, who admitted the matters of fact alleged in the bill, solely on the ground that the complainant could not give a good title in fee to the property in question. The Court (DOBBIN, J.,) decreed a specific execution of the contract of sale. From this decree the respondent appealed.

The cause was argued before MILLER, ALVEY, ROBINSON, and IRVING, J.

*A. V. Milholland,* for the appellant.

*Wm. Shepard Bryan, Jr., 'Hermon L. Emmons,* and *Wm. Shepard Bryan,* for the heirs of George Bailey.

*John S. Tyson,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The testator devised all his property to his wife for life or widowhood, and upon her death or marriage, he directed that the property should be equally divided between his two children, George and Eliza, their heirs and assigns for ever.

Do the children take the property by *descent or purchase* is the question in this appeal? It is said they take by descent, because the will gives to them the same estate, which they would have taken if there had been no devise of the property after the death of their mother.

Now when one devises property to his children, it is but fair to presume, he intended they should take the property under the will. But in England, title by descent was favored by the Courts, first, because the lands in the

hands of the heir-at-law *by descent*, was chargeable with the payment of the ancestor's debts, and then again because it favored the right of escheat upon the failure of heirs on the part of the ancestor, from whom the lands descended. On the other hand, land acquired by *purchase*, was not liable for debts, and upon the death of the owner, it descended first to the heirs on the paternal side, and upon failure of such heirs, then to the heirs on the part of the mother.

Title by *descent* was considered the worthier title, and where the will gave to the devisee the *same estate in quantity* and quality, which he would have taken as heir-at-law, he was adjudged to take not under the will, but by *descent or operation of law.*

But it is very plain the devisees in the will now before us do not take the same estate which they would have taken as heirs-at-law, because by the common law the eldest male heir took the entire estate, to the exclusion of all others, and if the ancestor died without male heirs, the daughters took the property as *co-parceners.* If the testator devised his property, as in the will now in question, to all his children in equal shares, it is well settled that the devisees would take as *tenants in common,* and if as tenants in common they must take by purchase, there was no such thing as tenancy in common by descent. So if the common law rule in regard to descent is to be invoked, it can only be applied to cases where the devisees take by will, the same estate in *quantity and quality,* which they would take by operation of law.

But be this as it may, the question before us is concluded by the decision in *Gilpin vs. Hollingsworth,* 3 *Md.,* 190. In that case as in this, the testator devised all his property to his children, in equal shares, and it was held that the children took by *purchase and not by descent.*

In this case both of the children died unmarried, intestate, and without issue, and without either brothers or

sisters of the half blood.   Their estate in the land, there-
fore, descended to their mother.   *Code, Art.* 47, *secs.* 19,
20, 21.   She remained unmarried, and died in August,
1874, leaving a will by which she devised all her estate to
Sarah E. Turner, the appellee, in fee.   Under this will
the appellee acquired a perfectly valid title to the land in
question, and as the appellant, in his answer to the bill
for specific performance of the contract of sale, admits his
willingness to perform it if the title be adjudged good, the
decree appealed from, which directs him to execute it,
must be affirmed.

> *Decree affirmed, and*
> *cause remanded.*

(Decided 29th March, 1883.)