Waring, *et al. vs.* Slingluff, Adm'r.

(Decided 8th January, 1885.)

RACHEL WARING, and others *vs.* FIELDER C. SLING-LUFF, Administrator of VICTOR A. SARTORI.

*Distraint—Misjoinder and Non-joinder of parties—Rules of Court—Practice in the Appellate Court.*

Where a distraint is manifestly an attempt to distrain by all who hold the relation of landlord, and a mistake has been made by leaving out one who is entitled to a share of the rent, and inserting the name of one who is not so entitled, this is a fatal defect in the distress proceedings.

Where the Court in the exercise of a discretion given under its rules, refuses to entertain or pass upon a prayer, such refusal is not the subject of review on appeal.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MIL-
LER, ROBINSON, and BRYAN, J.

*John H. Morison,* and *William H. Dawson,* for the
appellants.

*Fielder C. Slingluff,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The appellee replevied sundry marble monuments and
tombstones, an iron safe, a horse and set of harness, ap-
praised at $2390. The defendants, described as heirs of
Louisa Torrance, avowed the taking of the property under
a distress for rent. In the avowry, it is averred in sub-
stance, that one Jacob Weinman was tenant to the de-
fendants of certain premises at a certain rent, which was
in arrear to the amount of $739.50, and that the goods
and chattels in question were on said premises, and were
justly taken as a distress for the rent so in arrear. To
this the plaintiff pleaded, 1st. that Weinman was not
tenant of the defendants, 2nd. that he was not tenant at
the renting stated, 3rd. that he was not in arrear for the
amount claimed, and 4th. that the distrained chattels
were exempt from distress; and on these pleas issues were
joined.

The avowants were very numerous, and at the trial, it
came out that one of the heirs had been omitted, and that
the name of a party who was not an heir, and had no
interest in the rent had been inserted as an avowant, and
on motion the *avowry* was in these particulars amended.
But when the distress papers were offered, the *same defect*
appeared. In the account, the affidavit to it, and the

warrant, the name of one of the heirs entitled to a portion of the rent was omitted, and the name of a party not so entitled was inserted. The Court rejected the prayers offered on both sides, and instructed the jury that the avowants were not entitled to recover by reason of *these defects* in the distraint proceedings, and this ruling presents the main question in the case.

It has been argued that no issue is made by the pleadings as to the sufficiency of the distraint proceedings, but in *Joynes, et al. vs. Wartman,* 5 *Md.,* 195, where there was a similar set of pleas, the Court held the avowant was bound to defend his distress, and that the plaintiff in the replevin could show that it was not in conformity with law, and thus defeat the avowry. In fact, the avowry is in the nature of a declaration, and always proceeds upon the ground that the goods have been legally distrained. The avowant takes upon himself the *onus* of proving the legality of the distress; this is the first thing to be proved and for that reason he is entitled to the opening and conclusion at the trial.

It is equally plain that distress proceedings once executed cannot be amended, and least of all can defects in them be cured by any amendment of the avowry in replevin. The question therefore is, are the defects referred to in these proceedings substantial, and fatal to the legality of the distress? The law on the subject as to how the distraint shall be made where the landlords are joint-tenants, coparceners, or tenants in common, is thus stated in *Archbold's Law of Landlord and Tenant,* 110: "If the lessors be joint-tenants all must join in the distress, but any one of them may distrain in the names of all. So parceners, as in law they constitute but one heir, must join in the distress, but in that case also one may distrain in the names of all. But tenants in common, as they have several titles, may distrain severally. Each for his own share of the rent, or one may distrain in the name of all if

not forbidden by the others to do so, and may afterwards in replevin avow as to his own moiety and make cognizance as bailiff for his co-tenants as to their proportions of the rent." Substantially the same statement is found in the more elaborate work of *Woodfall on the Law of Landlord and Tenant,* (10th *Ed.*) 383 to 385, and the authorities cited seem to support the statements of the law made by these text writers. In this State the precise question does not appear to have come under judgment, but in *Hoffar and Wife vs. Dement,* 5 *Gill,* 132, it was held that coparceners could not separately maintain *assumpsit* against one who had received the rent as trustee, nor recover in *separate actions* for use and occupation upon an implied demise or agreement to rent. Now it is not pretended these avowants were joint-tenants, and treating them either as coparceners or tenants in common it is quite impossible to hold that this distraint was made by *one* of them in the names of *all.* The account, which the statute requires to be affixed to the warrant states that Weinman is indebted for rent in arrear to the amount of $739.50 to certain named parties, heirs of Louisa Torrance, deceased. The affidavit to the account is made by Andrew Aitken, who is one of the parties named in the account, and he professes to make the same *as agent* for all these parties whose names are repeated, and he swears that Weinman is the tenant of the same parties, whose names are again repeated, and is indebted "to said named persons, heirs of Louisa Torrance, deceased, in the sum of $739.50 for rent in arrear." The warrant directs the constable to distrain any goods and chattels found on the premises occupied by Weinman, to satisfy and pay to the same parties, whose names are again repeated, "heirs of Louisa Torrance, the sum of $739.50 rent due as per annexed account, and for so doing this shall be your sufficient authority. Given under my hand and seal, this 24th of April, 1883. Heirs of Louisa Torrance, deceased, by their agent, *An-*

*drew Aitken."* This so far from being a distraint by one in the names of all, is manifestly an attempt to distrain by all who hold the relation of landlord. A mistake has been made by leaving out one who is entitled to a share of the rent, and inserting the name of one who is not so entitled, and we agree with the Court below in holding this to be a fatal defect in the distress proceedings.

After the Court had rejected the prayers offered on both sides and given its own instructions, the avowants offered a prayer to the effect that they were entitled to a verdict for the return of the horse, harness and iron safe, because the plaintiff had offered no evidence of his right of property in them, and had made no claim to them, but the Court refused to entertain this prayer or to pass upon it, in the exercise of its discretion under the 34th and 35th rules of the Supreme Bench. In the case of *Lorentz, et al. vs. Robinson,* 61 *Md.*, 64, it was held that the refusal of the Court to entertain a prayer offered in contravention of these rules was not a subject of review on appeal.

*Judgment affirmed.*

(Decided 9th January, 1885.)