Mr. Justice Cox
delivered the opinion of the Court:
In this case it appears that Edward Owen, of this District, on the 21st day of December, 1861, being about to contract a second marriage; executed a deed of settlement premising *404 that in consideration of his intended marriage and “ for making for and towards the jointure of the said party of the second part” (his intended wife) in case after the solemnization of the marriage, she survived him “ and also for making some provision for the sustenance and support of the children and issue of the intended marriage” he conveyed the property in question to Mr. Miller, upon trust: first, to hold to the use of the settlor until the marriage, and then for the use of his intended wife for life, free from all debts and control of the settlor, and the rents to apply to her sole use and benefit and for the sustenance and support of any children of the marriage; and, third, if she should die before the settlor without leaving any children, then to the use of the settlor, his heirs and assigns; fourth, should she survive the settlor, and then die leaving children of the marriage, then the property was to go to the use of such children and the children of the settlor’s former wife ; and, lastly, should she survive the settlor and then die without leaving children of the marriage, then “to the use of his right heirs and their heirs and assigns, as tenants in common and not as joint tenants.”
In other words, to state it more briefly, the conveyance is made in trust, first, for his intended wife for her life, and in case of her death after him without leaving children (which was the case) then to the use of his right heirs as tenants in common and not as joint tenants.
Now, doubtless under the advice of counsel,. Mr. Owen assumed that this remainder was a nullity and that the conveyance left the reversion in him, and his heirs would take by descent, instead of as purchasers under this settlement. Therefore he made a will disposing of certain other property and devising the rest and residue of his estate to the defendant, Mills Dean, which would include this property. After his death, six heirs claimed that they were entitled to the property by way of remainder. On the *405 other hand, Mr. Dean contended .that he was entitled to it, 'and Mr. Miller, the trustee, not being willing to solve the question himself, asks the instruction of the Court as to what he shall do in the premises.
The question has been discussed by Mr. Mackey with great learning and a copious citation of black-letter authorities which would be very interesting for the Court to review in detail. But we have not the time and do not deem it necessary to go into them at length, and I shall only state some general conclusions which we think dispose of the question. Its very well settled, and it is an ancient rule, that if a man’s title can be referred to either the act of the law or to the act of man, the former shall prevail. It is a recognized qualification of the rule, however, that if a devise gives to the heirs an estate of a-different nature from that which they would inherit, then their title will be referred to the devise and they will not take by descent. It is claimed that the same qualification applies to a deed, limiting an estate to them in remainder.
The principal question in this case is, whether the peculiar language of this remainder would give'to Owen’s heirs á different estate from that which they would take by descent. It is argued, for the heirs, that it has that effect by reason of the use of the words “ to hold as tenants in common,” the contention being that if they take by descent they take as coparceners. That leaves us to consider what is the .law of descent in the District of Columbia.
An estate which descends equally to all children, without regard, to-sex, was not known to the common law at all, but is purely a creature of statute. The Maryland Act of 1786, which is our Statute of Descents, commences by reciting that the law of descents which originated in the feudal system and military tenure is contrary to justice and ought to be abolished; and then it goes on and enacts that on the death of a man intestate his estate shall descend equally to *406 his children. It does'not use the word parceners or coparceners, from the beginning to end. We are in the habit of speaking of those taking by this statutory descent as coparceners because the only estate which at common law descended to more than one person was an estate in coparcenary. But it is perfectly competent for a statute to create an estaté which will descend to several persons who will yet not be coparceners: It may be substantially, to all intents and purposes, an estate in common.
Is there any difference between an estate in common and. an estate which passes by our law of descent? Let us see now whether there -would be any difference, whether these heirs are to be considered as coparceners or as tenants in common. Each heir in this case would take precisely the same undivided interest in the estate, and would be able to transfer it ¿nd transmit it to heirs in exactly the same manner and would have exactly the same right of partition, and not only that, but their estates would have the same identical unities of time, title, interest and possession: It is impossible to point out any difference, whether they take it as tenants in common or as coparceners.
• This question, as to the effect of this statute, is suggested as far back ás the year 1804 in the Court of Appeals of the State of Maryland in the case of Mitchell vs. Gover, 1 ITarr: & J., 507, where an action of ejectment was brought by several heirs, and the question was whether they had a right, to join, or, as tenants in common, they ought to sue separately, The cause was finally settled, so that no opinion of the Court was given. But Luther Martin who, as we know, was one of the greatest lawyers of this country, used the following language in argument:
“Under the act of 1786 the descendants take the estate as heirs sub modo. They take in the same manner as tenants in common. The Act of 1786 vests a particular estate; It is not an estate of joint tenancy, tenancy in common or *407 parcenary. But it is an estate peculiar to itself. It is not in the power of any one of the heirs to compel a partition of the estate. The act points out how the division is to be made, by application to the county Court, or Court of Chancery, and one of the heirs may take the whole estate if it will not admit of division, by paying to the others their proportion under valuation. The estate has qualities similar to that of a joint tenancy, tenancy in common and coparcenary.”
The question arose at a much later date in the case of Hoffar vs. Dement, 5 Gill, 132, in which the Court of Appeals was construing the Act of Maryland of 1820 and not ■that of 1786.
There was a case before this Court (Power vs. Davis, 3 Mac Arthur, 153) in which the main question was whether a certain paper purporting to be a codicil, leaving pecuniary legacies was ever completed, and the Court held unanimously that it was not. But in addition to that, Judge Mac Arthur, speaking for himself, held that the real estate in the hands of the heirs was not chargeable with the legacies, because the heirs took as purchasers and not as heirs. , __ .
This might, however, be, not because the devise was intended to pass a tenancy in common, while the descent would give a coparcenary, but because the devise was to children and not to heirs. A devise to children would give an estate by purchase, which would be entitled to as much favor as a bequest of money; and this would be sufficient to sustain the judge’s conclusions. As far as his opinion extends beyond this, he does not commit the Court and he is not sustained by the cases referred to.
Judge Wylie concurred in the opinion, and that is all we find: but there is no such clear committal of the Court to this view as would hamper us in our determination of this as an original question; and we are of the opinion that *408 there is a substantial identity between the estate limited by this deed to the heirs and that which they would take by descent, and therefore such a limitation left it disposable by the testator by deed or will and the will gives the property to Mr. Dean, who is claiming it.
It is further contended, on behalf of the devisee, that by no kind of conveyance could the testator give a fee simple estate by a deed to his heirs. It is admitted that by will he might, but that he cannot by deed, even by way of remainder, give an estate in fee simple different from that which they would take by descent. But it is not necessary to examine that question in the view we take of the case.

We are of opinion on the whole that Mr. Dean is entitled to the property.