## J. ALEXANDER PRESTON, Trustee, *vs.* EDWINA CLABAUGH et als.

*Wills—Termination of Trust Upon Death of Life-Tenant.*

A testator devised his estate to trustees to hold the same for the benefit of his three daughters during their lives, "after their death or the death of any one, to the child or children of said daughter, and in the event of said child dying without children of her body, then to the surviving child or children." One of the testator's daughters died unmarried leaving the other two surviving her. *Held*, that the daughters of the testator took under the will as tenants in common and that the share of the daughter dying as aforesaid passed to her surviving sisters in equal shares discharged from the trust.

Appeal from a decree of the Circuit Court for Carroll County, (Bond, J.)

The cause was argued before McSherry, C. J., Fowler, Briscoe, Page, Boyd, Pearce and Schmucker, JJ.

*Alexander Preston* for the appellant.

*Robert Ludlow Preston* for the appellee, submitted the cause on brief.

Page, J., delivered the opinion of the Court.

Usher Clabaugh died in September, 1885, leaving a last will by which he gave, devised and bequeathed "Unto George W. Harris and J. Alexander Preston all my (his) property real, personal and mixed and wheresoever situated, in trust, to hold the same for the use and benefit of my daughters, during their lives; after their death or the death of any one, to the child or children of said daughter, and in the event of said child dying without children of her body, then to the surviving child or children, subject to the right of dower of my wife in said estate, and also subject to the moneys due my mother for advances made by her in

my lifetime, with power to said trustees to sell or dispose
of all, or any of said estate without the purchaser thereof
being required to see to the investment of said trust-funds ;
and I hereby direct my said trustees to pay over the whole
of the income, or so much as may be necessary for the sup-
port, maintenance and education of said minor children ;
and I hereby appoint J. Alexander Preston my executor,
&c. " The persons named accepted the trust and jointly
administered the estate, up to the year 1886, when George
W. Harris died. Since that period the appellant has been
acting as sole trustee. In 1890, the Circuit Court for Car-
roll County assumed jurisdiction, and since then the trust
has been executed by the appellant, trustee under the orders
and supervision of that Court.   .

In 1899, Elizabeth Clabaugh having died unmarried and
intestate, the appellant, being in doubt about the true mean-
ing of the will, whether the share of Elizabeth remained in
the trust or whether it should be discharged therefrom,
filed his petition asking the Court to construe the will and
direct him to act in accordance with such construction.
The case having come to be heard in due course, the Court
decreed, that the share of Elizabeth Clabaugh was dis-
charged from the trust by her death and directed the
trustee to assign and transfer one-half thereof to each of the
two surviving sisters. From this decree the appellant has
appealed.

It appears from the record that Edwina and Anna Cla-
baugh are still under the age of twenty-one years, the
former being about eighteen and the latter fourteen years
of age. The language employed by the testator, leaves no
question as to the nature of the estate that passed to his
daughters. His whole estate is to be held in trust for the
use and benefit of his daughters " during their lives," and
the whole income of it is to be applied (if necessary) to
their support, maintenance and education. It is perfectly
clear, therefore, that he intended that the property should
be enjoyed by his daughters during their lives only ; and

also that as long as they all survived, the trust should con-
tinue.  But while this is true, it does not follow that the
daughters must therefore take as a class with a reciprocal
right of survivorship ; so that the trust would continue for
the benefit of the survivors or survivor, so long as any of
them were still alive.  In England the rule is, that a devise
to two or more persons is joint, unless there are words of
severance ; and if there are such words, or words that in-
dicate severance, the parties will take as tenants in com-
mon.  *Morley* v. *Bird*, 3 Vesey 631; *Gilpin* v. *Hollings-
worth*, 3 Md. 195.

But in the case first cited, the Master of the Rolls said
that " unless there were some words to sever the interests
taken, it is at this moment a joint tenancy, notwithstanding
the leaning of the Courts lately in favor of a tenancy in
common."  In this State, the general policy of the law is
adverse to the construction of any instrument of writing so
as to create a joint tenancy.  By section 13, Art. 50, Code,
it is provided that no deed, devise or other instrument of
writing shall be construed to create an estate in joint-
tenancy, unless it is expressly provided therein that the
property thereby conveyed is to be so held.  In the con-
struction of last wills, while the rule that the intention of
the testator must prevail is adhered to, the Courts mani-
fest a strong leaning in favor of a tenancy in common.  In
the case of *Chew* v. *Chew*, 1 Md. 168, where a joint
tenancy was strongly contended for, the Court said that it
was, "imperatively required by a long course of judicial
decisions in this State and elsewhere, sustained by every
dictate of reason, justice and humanity, to view with dis-
favor estates in joint-tenancy and to give the widest and
most liberal construction to testamentary instruments in
order to defeat them whenever we can."  The legatees for
life, are described as " my daughters," but, from what ap-
pears later on in the will, we think it is clear that the tes-
tator did not intend they should take with reciprocal right
of survivorship.  He declares, that after the " death of any

one" of his daughters, " to the child or children of said daughter." Though the words " her share " do not appear in the will, it seems to be clear that the meaning of the testator was, that if any one of his daughters died, her share was to pass to the child or children of that daughter; and in the event of her dying without children, the share was to pass to the child or children of his other daughters. In *Barnum's case*, 42 Md. 310, this Court said, " the language of the will ' is, that the investment shall be for the benefit of my children, during their lives, and after their death, shall be the property, for the shares of the decedents, of their respective children or descendants *per stirpes.*' This language clearly imports severance or plurality of interests, and thereby constituted the children of the testator tenants in common for life." We are therefore of the opinion that the daughters of the testator took their interests in the estate as tenants in common, with remainder over to their children, in the manner already stated; and there being no such persons in existence at the time of Elizabeth's death, her share passed to her sisters as next of kin.

We do not think the rule in *Shelley's case* is applicable for the reason stated in *Henderson* v. *Henderson*, 64 Md. 191.

Finding no error, the decree of the Circuit Court must b e affirmed.

*Decree affirmed.*

(Decided March 21st, 1900).